IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LAND 2 AIR INVESTMENTS, LLC, §
as successor entity by conversion to §
LAND 2 AIR INVESTMENTS LP and as §
successor to LAND 2 AIR §
INVESTMENTS, LLP, §
§
        *Plaintiff*, §
§         Case No. 21-CV-00231 BMJ-JFJ
v. §
§
FLYING CPA, LLC, LONI WOODLEY, §
and SAKER AVIATION SERVICES CO., §
§
        *Defendants*. §

**FINAL PRETRIAL REPORT**

TO THE HONORABLE COURT:

Plaintiff Land 2 Air Investments, LLC, and Defendants Flying CPA, LLC ("FCPA") and Loni
Woodley submit this Final Pretrial Report in accordance with the Court's earlier orders.

**ALL COUNSEL WHO WILL APPEAR AT TRIAL**

**Appearing for Plaintiff:**

    Lewis N. Carter, OBA No. 1524
    DOERNER SAUNDERS DANIEL & ANDERSON
    2 W. Second Street, Suite 700
    Tulsa, OK 74103-3117
    Telephone No. (918) 591-5253
    Facsimile No. (918) 925-5253
    lcarter@dsda.com

William W. Camp
(*Admitted pro hac vice*)
Texas Bar No. 00789196
Rule21a-service@camplaw.com
CAMP TRIAL GROUP
12700 Hillcrest Road, Suite 125
Dallas TX 75230
Tel: (214) 638-8400

James A. McCorquodale
(*Admitted pro hac vice*)
Texas Bar No. 13464900
Law Office of Sandy McCorquodale, P.C.
12700 Hillcrest Road, Suite 125
Dallas TX 75230
Tel. 214-712-4472
Fax 815-572-9448
Email: sandy@SMQLAW.com

**Appearing for Defendant:**

Troy J. McPherson, OBA No. 32071
tmcpherson@law-lsl.com
Carter A. Fox, OBA No. 34655
cfox@law-lsl.com
Latham, Keele, Lehman, Ratcliff, Carter & Clarke, P.C.
1515 E. 71st Street, Suite 200
Tulsa, Oklahoma 74136
Telephone: 918-970-2000
Facsimile: 918-970-2002

Jury Trial Demanded ☒  — Non-Jury Trial ☐

## 1. BRIEF PRELIMINARY STATEMENT.

This civil case has been brought by LAND 2 AIR INVESTMENTS, LLC, against two Defendants: FLYING CPA, LLC, and LONI WOODLEY. I will sometimes refer to LAND 2 AIR INVESTMENTS, LLC, as the plaintiff, and to FLYING CPA, LLC, as FCPA.

LAND 2 AIR INVESTMENTS, LLC, is represented by its attorneys, Lewis Carter and William Camp. The defendants, FLYING CPA, LLC, and LONI WOODLEY, are represented by their attorneys, Carter Fox and Troy McPherson.

This case arises out of Plaintiff's purchase of a used 2006 Cirrus SR22 Turbo aircraft (the "Aircraft") from FCPA. On May 24, 2019, Plaintiff and FCPA entered into an aircraft purchase agreement ("Agreement") for the Aircraft. In the year that followed, Plaintiff flew the aircraft a number of times, but in approximately April 2020 at an annual inspection at the manufacturer's service center in McKinney, TX, Plaintiff was informed that manufacturer had added the Aircraft's serial number to a service information letter ("SIL") containing a list of aircraft that in Cirrus' opinion, based on its review of a Federal Aviation Administration ("FAA") daily bulletin describing the crash, were destroyed and nonrepairable. Approximately one year later on May 27, 2021, Plaintiff filed this lawsuit alleging claims against FCPA and Woodley for breach of contract and violation of Oklahoma's Consumer Protection Act because, Plaintiff alleges, Mr. Woodley failed to fully disclose the Aircraft's damage history.

Defendants have defended Plaintiff's complaint by asserting that FCPA specifically informed Plaintiff's members about a prior owner's attempted suicide by crash-landing in Las Vegas in 2012 and that to his knowledge, the aircraft had been fully repaired and had in fact been certified by multiple mechanics as airworthy during annual inspections thereafter. In addition, the logbooks for the aircraft describe significant historical repairs by prior owners, and it includes a reference to a formal Major Alteration and Repair filing in the Aircraft's federal registration following the crash. FCPA had also hired a third-party mechanic to perform a pre-purchase inspection of the Aircraft in 2017, and the mechanic did not identify any of the issues that Cirrus references during his inspection. Instead, the mechanic had informed FCPA that the Aircraft was safe and airworthy. Moreover, Cirrus never informed owners of their aircraft about the existence of the service information letter, and it did not follow the FAA procedure for removing the Aircraft from service, should Cirrus have deemed that appropriate in 2013. Mr. Woodley had also flown the aircraft with his family and friends without issue for approximately two (2) years before he sold it to Plaintiff, and Plaintiff flew the Aircraft for another year before bringing the Aircraft to Cirrus. To the extent that any of the conditions that Cirrus' identified in April 2020 were present in July 2019, Plaintiff also had an opportunity to inspect the Aircraft before the sale, and Plaintiff either did not obtain an inspection or did not identify any such conditions in the inspection. Defendants therefore assert that FCPA fully performed under the contract and that FCPA did not violate the Oklahoma Consumer Protection Act.

## 2. JURISDICTION

This case is for damages in excess of $100,000.00, exclusive of attorney fees, costs, and is within this Court's Subject Matter Jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as this is an action for damages in excess of $75,000.00, exclusive of interest and costs, and there is complete diversity between the parties. To the extent a claim does not fall within the Court's jurisdiction as set forth above, the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## 3. STIPULATED FACTS

1.   The United States District Court of the Northern District of Oklahoma has jurisdiction over the parties and the subject matter of this action.

2.   Venue for this action is proper in the Northern District of Oklahoma.

3.   The transaction between Plaintiff Land 2 Air Investments, LLC, and FCPA giving rise to this litigation occurred in Tulsa, Oklahoma.

4.   Plaintiff Land 2 Air Investments, LLC, is a Texas limited liability company.

5.   Land 2 Air Investments, LLC, is the successor entity by conversion of Land 2 Air Investments LP and successor to Land 2 Air Investments LLP.

6.   Land 2 Air Investments, LLC, has full authority to bring this action and asserts the claims herein on behalf of itself and the predecessor entities.

7.   Land 2 Air Investments, LLC, has its principal place of business located at 151 Players Circle, Suite 100, Southlake, TX 76092.

8.   FCPA is a Colorado limited liability company with its principal place of business at 455 E. Pikes Peak, Suite 305, Colorado Springs, CO 80903.

9.   FCPA is authorized to conduct business in the State of Oklahoma.

10.  Mr. Woodley is a resident of the State of Oklahoma.

11.  The aircraft at issue in this case is a 2006 Cirrus SR22 Turbo, Registration No. N-919SC, Serial Number 2112 (the "Aircraft").

12.  In 2019, FCPA advertised the Aircraft as being for sale in Tulsa, Oklahoma.

13.  Land 2 Air member Derick Murway ("Murway") contacted FCPA for more information and to discuss possible terms of sale.

14.    On or about May 24, 2019, Woodley flew the Aircraft to Texas to meet with Murway and Land 2 Air member Farrukh Azim, and to provide a test flight of the Aircraft.

15.    FCPA invited Land 2 Air to communicate directly with Jon Crotts ("Crotts") of Saker Aviation Services ("Saker Aviation") in Garden City, Kansas regarding the Aircraft's condition and maintenance history.

16.    Mr. Woodley advised Plaintiff it could contact Saker's Garden City, Kansas location for questions related to Aircraft.

17.    Plaintiff did not ask Saker any questions about the Aircraft.

18.    The purchase and sale contract between Plaintiff and FCPA was executed on or about May 29, 2019, and Plaintiff accepted delivery of the Aircraft on or about July 16, 2019.

19.    The Aircraft Purchase/Sales Agreement is a contract executed under and to be construed under the laws of the State of Oklahoma.

20.    A significant amount of the work performed on the Aircraft during FCPA's tenure as owner was completed at Riverside Aviation ("Riverside"), a Tulsa, Oklahoma aircraft maintenance facility.

21.    The purchase price for the Aircraft under the Aircraft Purchase/Sales Agreement was $285,000.

22.    Plaintiff paid the purchase price for the Aircraft.

23.    Plaintiff took physical delivery of the Aircraft.

24.    Plaintiff did not notify Defendants of the claimed breach of the Aircraft purchase sales agreement before filing this lawsuit.

25.    Plaintiff was aware at the time of contract that the subject Aircraft had been in a crash, suffered damage to its wings, and was repaired after being salvaged.

26.    The Aircraft Purchase/Sales Agreement permitted Plaintiff to obtain a pre-purchase inspection of the Aircraft at Plaintiff's expense and by an individual of Plaintiff's choice.

27.    Plaintiff did not obtain a pre-purchase inspection of the Aircraft during the period between execution of the contract on or about May 24, 2019, and the date of delivery, July 16, 2019.

28.    The Parties agreed in the Aircraft Purchase/Sales Agreement that "[e]xcept as provided otherwise in this agreement. this Aircraft is sold 'as is.' There are no warranties, either

express or implied with respect to merchantability or fitness applicable to the Aircraft or any equipment applicable thereto including warranties as to the accuracy of the Aircraft's logbooks, made by Seller. Buyer agrees that no warranty has been expressed or implied by Seller and that Buyer has inspected the Aircraft and understands that it is being purchased 'as is.'"

29. The Parties agreed in the Aircraft Purchase/Sales Agreement that "Buyer hereby expressly waives any claim for incidental or consequential damages. including damages resulting in personal injury against Seller."

30. The Parties agreed in the Aircraft Purchase/Sales Agreement that "The Aircraft will be delivered to Buyer in its present condition, normal wear and tear excepted, with a valid FAA Certificate of Airworthiness."

31. The Parties agreed in the Aircraft Purchase/Sales Agreement that "Either party's failure to enforce any provision of this Agreement against the other party shall not be construed as a waiver thereof so as to excuse the other party from future performance of that provision or any other provision."

32. The Parties agreed in Aircraft Purchase/Sales Agreement that "[i]n the event any action is filed in relation to [the Agreement], each party shall be responsible for his/her/its own attorney's fees[.]"

33. Plaintiff sued Saker Aviation for professional negligence arising from its alleged involvement in Plaintiff's decision to purchase the aircraft, and Plaintiff settled with Saker Aviation before trial.

## 4. LEGAL ISSUES.

State separately, and by party, each disputed legal issue and the authority relied upon.

## B. Plaintiff

Plaintiff is not presently aware of any disputed legal or factual issues apart from those listed below by Defendants.

## B. Defendant

Defendant Woodley:

1. Whether Woodley was a party to the contract.

2.  Whether Woodley received consideration for the contract formation.

3.  Whether Woodley made an offer to Land 2 Air in an individual capacity.

4.  Whether Land 2 Air accepted an offer from Woodley in his individual capacity.

5.  Whether there was a meeting of the minds between Woodley and Land 2 Air.

6.  Whether Woodley had a duty, in his individual capacity, to disclose information regarding an agreement to which he was not a party to.

7.  Whether Woodley solely acted in furtherance of his position as managing member of FCPA during all interactions before, during, and after closing the transaction with Land 2 Air.

8.  Whether Woodley was the owner of the subject aircraft.

9.  Whether Woodley's broad, general statements made about the subject airplane were factual or opinion in nature.

10. Whether Woodley made any representations about the subject airplane in an individual capacity.

11. Whether Woodley relied upon information supplied to him by third-party mechanics regarding the airworthiness of the subject aircraft and whether Woodley had knowledge of the truth or falsity of such information.

12. Whether Land 2 Air waived its right to pursue Woodley for breach of contract by acts or conduct that indicated an intent not to enforce the contract.

13. Whether Woodley is the alter ego of FCPA.

14. Whether justice requires holding Woodley individually liable for the conduct of FCPA.

15. Whether it is necessary to protect the rights of third persons by holding Woodley individually liable for the conduct of FCPA.

16. Whether Woodley is in the business of selling airplanes.

17. Whether the claims against Woodley are premature and void because no judgment has been obtained against FCPA that execution has returned unsatisfied.

FINAL PRETRIAL REPORT                                                    Page 7 of 15

18. Whether all of Woodley's conduct was within the scope of his role as managing member of FCPA.

<u>Defendant FCPA</u>:

1. Whether FCPA's broad general statements regarding the condition of the aircraft were opinion or factual representations.

2. Whether FCPA relied upon information supplied to it by third-party mechanics regarding the airworthiness of the subject aircraft and whether FCPA had knowledge of the truth or falsity of such information.

3. Whether Land 2 Air waived its right for breach of contract by acts or conduct that indicated an intent not to enforce the contract.

4. Whether FCPA is in the business of selling airplanes.

<u>Legal Contentions Pertaining to Defendant Woodley and Defendant FCPA</u>

1. Whether the subject aircraft's certificate of airworthiness was valid on the date of delivery.

2. Whether the subject aircraft was "destroyed" pursuant to FAA regulations on the date of delivery.

3. Whether Plaintiff properly revoked acceptance of the aircraft.

4. If Plaintiff proves the elements of their claim, what is the proper measure of Plaintiff's actual damages for its breach of contract claim?

5. If Plaintiff proves the elements of their claim, what is the proper measure of Plaintiff's actual damages for its Oklahoma Consumer Protection Act claim?

6. Did Defendants make a material false statement or otherwise engage in a practice made unlawful under the Oklahoma Consumer Protection Act?

7. Did Plaintiff suffer actual damages from any material false statement by Defendants or any other act by Defendants made unlawful by the Oklahoma Consumer Protection Act?

**5. CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.**

## A. Plaintiff

*Breach of Contract (Trial)*. FCPA, Woodley and Land 2 Air entered into the Aircraft Purchase Agreement. FCPA and Woodley breached the Agreement by, without limitation, failing to disclose to Land 2 Air the existence of the known issues with regard to counterfeit parts and mechanical and maintenance issues related to the Aircraft, and by failing to deliver to Land 2 Air a valid FAA Certificate of Airworthiness, as required by the Agreement.

FCPA's and Woodley's breaches of contract caused direct harm to Land 2 Air in that Land 2 Air would not have entered into the Agreement had FCPA and Woodley upheld their obligations under the Agreement, and had FCPA and Woodley informed Land 2 Air of the unairworthy condition of the Aircraft.

As a result of FCPA's and Woodley's breaches of the Agreement, Land 2 Air has suffered significant damages. Specifically, having now been attritted, removed from service and deemed a "counterfeit," Land 2 Air is left with an Aircraft that can neither be put into service nor supplied Cirrus-certified parts or service. With entries reflecting the same in its logbook, the Aircraft cannot now be sold for anything greater than salvage parts, leaving Land 2 Air holding nothing more than an expensive paperweight for which it has incurred total costs in excess of $350,000.

*Violations of the Oklahoma Consumer Protection Act (Trial)*. At all material times, Defendants FCPA and Woodley, violated Oklahoma's Consumer Protection Act, Okla. Stat. tit. 15, § 751, et seq. (hereinafter "OCPA") throughout the transaction that is the subject of this cause of action.

At all material times, Land 2 Air was and is a "consumer" and "person" within the meaning of OCPA. At all material times, FCPA and Woodley engaged in the knowing and intentional misrepresentation of facts material to the purchase and sale of goods in trade or commerce and to Land 2 Air's decision (and the consuming public's decision, for that matter), with respect to the sale of the Aircraft.

Prior to and during the transaction that is the subject of this cause of action, FCPA and Woodley were well aware of and failed to disclose certain material facts regarding the Aircraft. If at any time prior to entering into the transactions at issue, FCPA and Woodley revealed to Land 2 Air the true facts, Land 2 Air would have: (i) explored other opportunities regarding its purchase of an aircraft; (ii) would have declined to enter into any agreement with the FCPA and Woodley for the purchase of the Aircraft.

At all material times, FCPA and Woodley by their conduct and by failing to disclose material information about the transaction at issue received a greater economic benefit than would be typical for the transaction.

Such actions are deceptive and unfair, have mislead Land 2 Air, and are likely to mislead consumers engaging in similar transactions with FCPA and Woodley. At all material times, FCPA's and Woodley's conduct was deceptive, unfair, and unconscionable under the OCPA and poses a negative effect upon the market associated with the purchase and sale of aircrafts.

At all times material hereto, the statutory breach committed by FCPA and Woodley as stated herein proximately caused damage to Land 2 Air in an amount to be determined at trial.

*Claims Disposed of Before Trial*. Plaintiff Land 2 Air additionally asserts:

i.   A claim against Defendants FCPA and Woodley for fraud. See Count I — Fraud, Plaintiff's Original Complaint ¶¶ 51-62 [ECF 2] (incorporated herein by reference);  and

ii.  A claim against Defendants FCPA and Woodley for negligence, professional negligence and negligence per se. See Count II — Negligence / Professional Negligence / Negligence Per Se, Plaintiff's Original Complaint ¶¶ 69-79 [ECF 2] (incorporated herein by reference).

The Court has previously entered summary judgment in favor of Defendants FCPA and Woodley on Plaintiff's claims for fraud, negligence, professional negligence and negligence per se. See Order dated February 12, 2024 [ECF 143]. They are included in this Final Pretrial Report to preserve Plaintiff's right to appeal these rulings, should the need arise later in these proceedings, and to make clear that Plaintiff is not waiving or abandoning these claims.

*Attorneys' Fees and Costs (Post-Trial)*. Plaintiff additionally seeks its attorneys' fees and costs, which ae determined post-trial. FED. R. CIV. P. 54(d)(2)(A); *ABAB, Inc. v. Starnet Ins. Co*., No. CIV-12-461-D, 2015 U.S. Dist. LEXIS 103081, at *4 (W.D. Okla. 2015).

## B. Defendant

*Breach of Contract*

Plaintiff's claim for breach of contract against Mr. Woodley and FCPA is in fact a claim for breach of express warranty of description pursuant to Oklahoma law—that is, that the Defendants "fail[ed] to deliver to Land 2 Air a valid FAA Certificate of Airworthiness, as required by the Agreement."  While Defendant Woodley was a signor on the aircraft purchase agreement for FCPA, he never personally owned the aircraft, so he could not be a contracting party subject to suit for breach of contract by Plaintiff.  There is likewise no evidence that Woodley acted in any capacity other than as the managing member of FCPA, and the claims against Woodley are therefore premature under Oklahoma law unless and until a judgment against FCPA has returned unsatisfied.  Plaintiff has obtained no judgment against FCPA.

Plaintiff also cannot show that the FAA Certificate of Airworthiness for the Aircraft was invalid at the time of delivery. In fact, Plaintiff has identified no evidence showing the condition of the aircraft at the time of delivery—much less that the conditions identified by Cirrus in April 2020 were also present in July 2019. Therefore, any defects or damaged conditions identified in the Aircraft in April 2020 by Cirrus cannot be attributed to Defendants.

Plaintiff also admits that the NTSB—the agency tasked with investigating this crash—determined that the aircraft was only "substantially damaged" after the 2012 crash and therefore repairable and not "totally destroyed" under the applicable regulatory guidance order. After taking delivery of the aircraft, Plaintiff flew the aircraft for approximately 50 hours before taking it for an annual inspection with the manufacturer. Cirrus testified that the SIL was directly circulated by Cirrus to Cirrus-partnered service centers, but Cirrus does not know when the SIL began being published online for the general public. Cirrus also conceded that it did not follow the applicable federal regulatory guidance order to inform the FAA or its aircraft's owners of its opinions about the aircraft on the SIL, as it never sent any notice to the FAA that the Aircraft was deemed no longer airworthy. Cirrus testified that the Aircraft was not physically inspected by anyone employed by Cirrus in 2013; instead, Cirrus employees relied on a bulletin allegedly issued by the FAA purportedly providing information on daily aircraft crashes in the U.S. to determine that Cirrus no longer would service the aircraft.

As of today, Plaintiff's registration for the plane remains open and valid on the FAA database. Plaintiffs have not identified any evidence that Woodley was even aware of the existence of the SIL before Plaintiff filed this lawsuit. Moreover, none of the Certified FAA Mechanics that performed a pre-buy inspection and then multiple annual inspections on the aircraft for Woodley were aware of the SIL. FCPA's mechanics deposed in this matter each testified that the alleged defects or conditions in the aircraft documented by Cirrus over a year after Plaintiff took delivery were not present when they worked on the Aircraft for Woodley.

Furthermore, after Plaintiff learned about the alleged defects in the plane in April 2020, Plaintiff failed to provide any notice to FCPA of the claimed nonconformities before filing this lawsuit— depriving Woodley of notice of the claimed breach and an opportunity to cure Plaintiff knowingly waived its contract claim against Woodley under the Oklahoma Uniform Commercial Code ("UCC").

Plaintiff also cannot establish its actual damages in this case because it has not identified the value of the Aircraft on the date of delivery or, conversely, the diminution in value to the Aircraft directly caused by the alleged nonconformities. Instead, Plaintiff asks for significant damages relying on the jury's pure speculation of these values without any supporting expert opinions. Plaintiff admits that (1) the aircraft had a new engine at the time of sale, (2) that even if the aircraft is unairworthy, it is still has value, and (3) that Plaintiff flew the plane approximately 50 hours before the 2020 annual with Cirrus.

*Consumer Protection Act (Woodley)*

For liability to arise under the Oklahoma Consumer Protection Act (the Act), it is fundamental that Woodley was acting "in the course of [Defendant's] business" when it engaged in the alleged unlawful act and that Woodley was acting outside the scope of his role as managing member of FCPA. As discussed above, in the event that Woodley was acting within the scope of his role as managing member, then Oklahoma law prohibits the claim against Woodley until such time as a judgment returns unsatisfied against FCPA.

Plaintiff has no evidence that Woodley's business involved the sale of aircraft to consumers. In fact, this was unambiguously a one-off sale between private consumers, as Woodley is an accountant. Furthermore, Plaintiff fails (or is unable) to identify the specific statutory provision giving rise to Defendant's alleged liability under the Act within OKLA. STAT. tit. 15, § 753. Instead, Plaintiff makes ambiguous assertions that Woodley "failed to disclose" facts about the aircraft, which rings of a claim for common law constructive fraud that is not actionable under the Act. In addition, Woodley is wholly without notice of precisely what alleged affirmative material statement by Woodley about the subject aircraft gives rise to a triable claim under the Act.

Moreover, Plaintiff admits that it was aware of the salvage history of the aircraft, that it had been repaired by a predecessor buyer after the first owner attempted suicide in the aircraft in 2012, and that Plaintiff did not obtain a pre-purchase inspection of the aircraft notwithstanding the open-ended nature of the aircraft purchase and sale agreement allowing unlimited time for Plaintiff to obtain an inspection. Plaintiff thereby waived its right to sue for latent defects in the aircraft that were discoverable before Plaintiff agreed to accept delivery.

Further, the testimony of the inspecting mechanics and Plaintiff's own expert indicates that an airplane owner should be able to rely on the findings of their mechanics regarding the condition and airworthiness of their aircraft. Woodley's reliance on its mechanics without knowledge of the truthfulness or falsity of the mechanics' information renders Woodley's representations exempt from the Consumer Protection Act.

Woodley will seek his attorney fees and costs pursuant tit. 12, 1011.1(b).

*Consumer Protection Act (FCPA)*

For liability to arise under the Oklahoma Consumer Protection Act (the Act), it is fundamental that FCPA was required to have been acting "in the course of [Defendant's] business" at the time.

FCPA's business did not involve the sale of aircraft to consumers. This was a one-off sale between private consumers, as FCPA and Mr. Woodley are engaged in the business of accounting.

Moreover, Plaintiff was well aware of the crash, damage, and salvage history of the Aircraft prior to the sale, and Plaintiff did not hire a third party to conduct a pre-purchase inspection of the

Aircraft. Plaintiff thereby waived its right to sue for any defects in the Aircraft that were discoverable before Plaintiff accepted delivery from FCPA. Therefore, Defendants generally deny Plaintiff's claim under the Oklahoma Consumer Protection Act.

FCPA will seek its attorney fees and costs pursuant to OKLA. STAT. tit. 15, §761.1(A).

## 6. EXHIBITS.

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A. Plaintiff: See attached Exhibit 1.

B. Defendant: See attached Exhibit 2.

## 7. WITNESSES

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A. Plaintiff: See attached Exhibit 3.

B. Defendant: See attached Exhibit 4.

## 8. ESTIMATED TRIAL TIME

A. Plaintiff's Case: 3 days

B. Defendant's Case: 4 days

## 9. BIFURCATION REQUESTED:

No.

## 10. POSSIBILITY OF SETTLEMENT:

The Court ordered the parties to settlement conference, which failed, before subsequently adjudicating Defendants' Motion for Summary Judgment and disposing of Plaintiff's claims that might have potentially permitted Plaintiff to recover contract or statutory tort damages above the amount their actual damages. Additional settlement discussions are warranted.

All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the court.

Respectfully submitted,

/s/ Lewis N. Carter
Lewis N. Carter, OBA No. 1524
DOERNER SAUNDERS DANIEL & ANDERSON
2 W. Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone No. (918) 591-5253
Facsimile No. (918) 925-5253
lcarter@dsda.com

/s/ William W. Camp
William W. Camp
(*Admitted pro hac vice*)
Texas Bar No. 00789196
Rule21a-service@camplaw.com
CAMP TRIAL GROUP
12700 Hillcrest Road, Suite 125
Dallas TX 75230
Tel: (214) 638-8400

/s/ James A. McCorquodale
James A. McCorquodale
(*Admitted pro hac vice*)
Texas Bar No. 13464900
Law Office of Sandy McCorquodale, P.C.
12700 Hillcrest Road, Suite 125
Dallas TX 75230
Tel. 214-712-4472
Fax 815-572-9448
Email: sandy@SMQLAW.com

ATTORNEYS FOR PLAINTIFF
LAND 2 AIR INVESTMENTS, LLC

Marcus N. Ratcliff, OBA No. 19201
mratcliff@law-lsl.com
Troy J. McPherson, OBA No. 32071
tmcpherson@law-lsl.com
Carter A. Fox, OBA No. 34655
cfox@law-lsl.com
Latham, Keele, Lehman, Ratcliff, Carter & Clarke, P.C.
1515 E. 71st Street, Suite 200
Tulsa, Oklahoma 74136
Telephone: 918-970-2000
Facsimile: 918-970-2002

ATTORNEYS FOR DEFENDANTS
FLYING CPA, LLC, and LONI WOODLEY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAND 2 AIR INVESTMENTS, LLC, as successor entity by conversion to LAND 2 AIR INVESTMENTS LP and as successor to LAND 2 AIR INVESTMENTS, LLP, §§§§§§ | |
| Plaintiff, § | |
| v. §§ | Case No. 4:21-CV-00231-BMJ-JFJ |
| FLYING CPA, LLC, LONI WOODLEY, and SAKER AVIATION SERVICES CO., §§§§ | |
| Defendants. § | |

**PLAINTIFF LAND 2 AIR INVESTMENTS, LLC'S TRIAL EXHIBIT LIST**

COMES NOW, Plaintiff Land 2 Air Investments, LLC (hereinafter referred to as "Plaintiff") by and through its attorneys of record, and pursuant to the Court's Order [Doc. 142] hereby submit the following list of trial exhibits:

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| (1) | Flying CPA Advertisement 2006 Cirrus SR22 S/N2112 | Plaintiff 000341 | | |
| (2) | Email correspondence between Land 2 Air and Defendants Sub-parts Exh. A – M (40) | 614 - 659 ; 778 - 817 | | |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| (2a) | Email correspondence between Loni Woodley and Derick Murway | Plaintiff 000622-627 | | |
| (2b) | Email correspondence between Loni Woodley and Derick Murway | Plaintiff 000628-630 | | |
| (2c) | Email correspondence between Loni Woodley and Derick Murway | Plaintiff 000631-632 | | |
| (2d) | Email correspondence between Loni Woodley and Stephanie Cooper cc; Derick Murway. | Plaintiff 000633-637 | | |
| (2e) | Email correspondence between Loni Woodley and Stephanie Cooper cc; Derick Murway. | Plaintiff 000638 | | |
| (2f) | Email correspondence between Loni Woodley and Derick Murway | Plaintiff 000639 | | |
| (2g) | Email correspondence between Derick Murway, Loni Woodley, Stephanie Cooper, cc; Farrukh Azim. | Plaintiff 000640-642 | | |
| (2h) | Email correspondence between Loni Woodley and Derick Murway | Plaintiff 000643 | | |
| (2i) | Email correspondence between Derick Murway, Loni Woodley, Stephanie Cooper, and Jon Crotts | Plaintiff 000644-647 | | |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| (2j) | Email correspondence between Derick Murway, Loni Woodley, Stephanie Cooper, and Chris Wolbert. | Plaintiff 000648-649 | | |
| (2k) | Email correspondence between Derick Murway, Loni Woodley, Stephanie Cooper, and Chris Wolbert. | Plaintiff 000650-654 | | |
| (2l) | Email correspondence between Loni Woodley and Stephanie Cooper, and Derick Murway. | Plaintiff 000655 | | |
| (2m) | Email correspondence between Loni Woodley, Derick Murway, Christine Carr, Kimberly Thompson. | Plaintiff 000656-659 | | |
| (3) | Email correspondence between Derick Murway, Loni Woodley, Stephanie Cooper, and cc; Farrukh Azim. | Crotts Ex 02; Plaintiff 000798 | | |
| (4) | APSA Land 2Air and Flying CPA/Loni Woodley Cirrus Purchase Contract_Executed (01631863x7A25A) | Plaintiff 000328 - 340 | | |
| (5) | D. Murway Photographs of Pre-buy inspection at Saker Garden City | Plaintiff_Supp 000057 - 000063 | | |
| (6) | Aircraft logbook AF5-1 | Original; | | |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
|  |  | Plaintiff 000046 – 000090; Plaintiff 000582-000583 |  |  |
| (7) | Platinum engine logbook for SN2112 | Plaintiff 000027-041 |  |  |
| (8) | Bill of Sale – Flying CPA to Land 2 Air Investments | Plaintiff 000136-141 |  |  |
| (9) | Land 2 Air Registration w/ FAA of Cirrus SR22 S/N2112 | Plaintiff 000142-143 |  |  |
| (10) | Email correspondence between Ben Comeau to David Tatum, (attrited destroyed & non-repairable) | Applewhaite 4 | Authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff | 901, 602, 801, 802, 805 |
| (11) | Cirrus 5/1/20 Work Order – (72 discrepancies, time life limited exceeded parts, "destroyed and non-repairable" status and areas) Ben Comeau | Plaintiff 000536–000548; Adams 9; Applewhaite 2 |  |  |
| (12) | Cirrus logbook entry | Plaintiff 000582–000583; Applewhaite 3 |  |  |
| (13) | Cirrus 5/1/20 Work Order | Plaintiff 000265-000271; Plaintiff 000732-000740; (David Panter/notes) |  |  |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
| (14) | Cirrus Annual Inspection - Photographs of damage (Cirrus/Dave Thompson) | Plaintiff 000773–000776; B. Miller 9; Plaintiff 000595-000599 | Authentication; lack of personal knowledge; hearsay | 901, 602, 801, 802 |
| (15) | FAA Order 8100.19 | B. Miller 3; Plaintiff 001961-001979 | | |
| (16) | Cirrus' Brannon D. Mayer / SR22-2112- Apr 2013 Accident database report | B. Miller 5 | | |
| (17) | Cirrus' Brannon D. Mayer / SR22-2112- Apr 2013 Accident database report | B. Miller 6 | | |
| (18) | Cirrus service information letter SIL SR2X, December 19, 2016. | B. Miller 4 | | |
| (19) | Cirrus - "Destroyed and Non-Repairable Cirrus Aircraft" public list | B. Miller 10 | | |
| (20) | (Land 2 Air emails with Cirrus – All) | 3/31/2023 production; (no Bates #) | Irrelevant; probative weight outweighed by unfair prejudice; authentication; hearsay; expert testimony from witness not designated as an expert by Plaintiff; Exhibit not | 402, 403, 901, 801, 802 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
| | | | identified in manner that allows response | |
| (21) | 4/14/20 Email chain between Cirrus and Land 2 Air | 3/31/2023 production | Authentication); lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff | 901, 602, 801, 802 |
| (22) | 5/1/20 Benjamin Comeau email to David Tatum/Land 2 Air enclosing work order by Cirrus McKinney Service Center | 3/31/2023 production | Authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff | 901, 602, 801, 802 |
| (23) | Cirrus email w/ D. Panter dated 6/2/21 | 570 - 571 | | |
| (24) | ~~NTSB Accident Report~~/NOT offered /prohibited by law | B. Miller 11 | | |
| (25) | FAA Accident N205KT photographs | B. Miller 7; Plaintiff 000587-000592 | Incomplete, the introduction of any remaining portions ought, in fairness, to be considered contemporaneously; authentication; lack of personal knowledge; hearsay | 106, 901, 602, 801, 802 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
| (26) | Cirrus/FAA Salvage Bid Form/photograph | B. Miller 8 (Plaintiff 000593); Plaintiff 000325-000327; | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay | 402, 403, 901, 602, 801, 802 |
| (27) | 3/7/15  Aircraft logbook – Titan Services repairs entries. | 76 – 77; D. Panter 7 | | |
| (28) | FAA Form 337 – Titan, incomplete w/ no FAA sign-off 2015 | 100-101; D. Panter 8 | | |
| (29) | Photographs of Damaged aircraft – Cirrus | 773 - 777 | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay | 402, 403, 901, 602, 801, 802 |
| (30) | 7/31/2018 Saker Invoice | Adams 11 | | |
| (31) | Summary Board of damages Purchase Cost of SR22 S/N 2112 Tie-down fees Taxes Other costs | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; not produced in discovery | 402, 403, 901, 602, 801, 802 |
| (32) | Invoices - A/C insurance 409 Tax 413 Precision Aircraft 418 Aerospace 421 US Jet 422 | 409 | Irrelevant; probative weight outweighed by unfair prejudice; authentication; | 402, 403, 901, 602, 801, 802 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| | | | lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; consequential or proximate damages waived per Court's ruling at summary judgment | |
| (33) | 03/Mar/2023 Compliance Report Cirrus R22 S/N2112 | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery | 402, 403, 901, 602, 801, 802 |
| (34) | Maintenance Inspection 4/9/19 | Farmer 2 | | |
| (35) | Maintenance Entry 7/2018 | Farmer 3 | | |
| (36) | 14 CFR 43.12 | Farmer 4 | Irrelevant; supplants the Court's instruction on the law of the case | 402 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
| (37) | 14 CFR 43.13 | Farmer 5 | Irrelevant; supplants the Court's instruction on the law of the case | 402 |
| (38) | 14 CFR 43 w/ Appendix D | | Irrelevant; supplants the Court's instruction on the law of the case | 402 |
| (39) | Photographs of Damaged aircraft – labeled by David Panter | Supp. 48 – 56; Adams 12 | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery | 402, 403, 901, 602, 801, 801 |
| (40) | Aircraft Maintenance Manual for the Cirrus Design SR22 | 830-1911 | | |
| (41) | June 15, 2023 Certified Letter from FAA grounding SN 2112 with tag. | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an | 402, 403, 901, 602, 801, 801 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| | | | expert by Plaintiff; not produced in discovery | |
| (43) | FAA-G-8082-19 Inspection Authorization Information Guide | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; supplants the Court's instruction on the law of the case | 402, 403, 901, 602, 801, 802 |
| (44) | FAA AC 20-2(b) | | Irrelevant; supplants the Court's instruction on the law of the case | 402 |
| (45) | 14 CFR 47.14.41 | | Irrelevant; supplants the Court's instruction on the law of the case | 402 |
| (46) | Brad Miller Exhibit 1/ Cirrus attrited chart | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; | 402, 403, 901, 602, 801, 802 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
| | | | expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery | |
| (47) | Brad Miller Exhibit 2/FAA Order 8100.19 | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery | 402, 403, 901, 602, 801, 801 |
| (48) | Brad Miller Exhibit 4/ Service information letter | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery | 402, 403, 901, 602, 801, 801 |
| (49) | Brad Miller Exhibit 5/Screen shot of Cirrus Air Safety Database | | Irrelevant; probative weight outweighed by | 402, 403, 901, 602, 801, 801 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
| | | | unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery | |
| (50) | Brad Miller Exhibit 6/ Screen shot of Cirrus Air Safety Database + attrited 12/2016 | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery | 402, 403, 901, 602, 801, 801 |
| (51) | Brad Miller Exhibit 10/ Destroyed & Non-Repairable Cirrus Aircraft | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery | 402, 403, 901, 602, 801, 801 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
| (52) | Brad Miller Exhibit | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; not properly identified | 402, 403, 901, 602, 801, 801 |
| (53) | Applewhaite-Exhibit 02/Cirrus Work Order TK10332-04-2020 | Applewhaite-Ex 02; Plaintiff 001944-1955 | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery | 402, 403, 901, 602, 801, 801 |
| (54) | Applewhaite-Exhibit 03/Cirrus Inspection "Counterfeit A/C" Logbook Entry | Applewhaite-Ex 03; Plaintiff 000583 | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; | 402, 403, 901, 602, 801, 801 |

Case 4:21-cv-00231-BMJ-JFJ    Document 148 Filed in USDC ND/OK on 03/01/24    Page 29 of 63

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| | | | expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; not properly identified | |
| (55) | Applewhaite-Exhibit 04/(Internal Email 4/14/29 Comeau to internal re; A/C attrited. | Applewhaite-Ex 04; PLTF 003237-3238 | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; not properly identified | 402, 403, 901, 602, 801, 801 |
| (56) | Farmer Exhibit 01 / FAA ORDER 8100.19 | Farmer-Ex 01 | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; supplants the Court's instructions | 402, 403, 901, 602, 801, 801 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| | | | on the law of the case | |
| (57) | Farmer Exhibit 02 / 7/31/2019 Annual Inspection Logbook Entry by Edward Adams | Farmer -Ex 02 | | |
| (58) | Farmer Exhibit 03 / 4/09/19 Logbook Entry inspected per an annual inspection and found to be airworthy. | Farmer -Ex 03 | | |
| (59) | Farmer Exhibit 04 / 14 CFR 43.12 Maintenance Records: Falsification, reproduction, or alteration. | Farmer -Ex 04 | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; not properly identified; supplants Court's instructions on the law of the case | 402, 403, 901, 602, 801, 801 |
| (60) | Farmer Exhibit 05 / 14 CFR 43.13 Performance Rules (General) | Farmer -Ex 05 | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; | 402, 403, 901, 602, 801, 801 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
|  |  |  | expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; not properly identified; supplants Court's instructions on the law of the case |  |
| (61) | Email correspondence between 5/26/16 re; Change out cylinder 6 probe wire. How difficult? | Landreth-Ex 01 |  |  |
| (63) | Email correspondence between 12/28/16 to 1/4/17 re; Prebuy Inspection of N217L | Landreth-Ex 02 |  |  |
| (64) | Email correspondence between 1/29/17 re; Can you do one of those 1 day inspections like last time? | Landreth-Ex 03 |  |  |
| (65) | Email correspondence between 2/27/17 Subj: March 10 or 11 re; Can yo do a day prebuy on Fri 3/10 | Landreth-Ex 04 |  |  |
| (66) | Email correspondence between 3/6/17 Subj: Cirrus Logbooks re; Originated from Cano to Woodley Email on 3/6/17 re; Scans of logbooks AF5-1 & | Landreth-Ex 05 |  |  |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
|  | Platinum Engine Logbook & Propeller Logbook |  |  |  |
| (67) | Email correspondence between 3/8/17 Subj: Docs from N919SC, Re; We will be there bright and early. Cano to Woodley Email 3/7/17 Subj: Documents from N919SC re; This is what I sent to Heidi today, Thanks Richard. | Landreth-Ex 06 |  |  |
| (68) | Email correspondence between 3/13/17 Subj: 919SC. I have no heat in cockpit. | Landreth-Ex 07 |  |  |
| (69) | D. Landreth Exhibit 8/ Riverside Aviation Invoice WO 17-2112-01 Dated 3/27/17. (There is a $500 prebuy line item on here) | Landreth-Ex 08 |  |  |
| (70) | Email correspondence between 6/8/17 Subj: Cirrus Work Order, and invoice re; Attached 50Hour WO, Woodley Invoice for 50Hour and MPC unit now permanently installed. | Landreth-Ex 10 |  |  |
| (71) | Email correspondence between 6/8/17 Subj: Cirrus Annual re; Annual due End of Month | Landreth-Ex 11 |  |  |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
| (72) | D. Landreth Exhibit 12/Riverside Aviation WO 17-2112-02 dated 4/19/17 and Log entries. Proof for email of Ex 13 not charging Woodley for MPC unit (Temp Install) | Landreth-Ex 12 | | |
| (73) | Email correspondence between 6/9/17 Subj: Cirrus Work Order and Invoice re; Basic explanation of charges to Woodley. | Landreth-Ex 13 | | |
| (74) | D. Landreth Exhibit 14/Cirrus Airplane Maintenance Manual Serial No 2112, (ANNUAL & AD Compliance Report) 6/27/17 | Landreth-Ex 14; Plaintiff 000668-693 | | |
| (75) | Email correspondence between 6/28/17 Subj Airplane Update w/ 2 images attached. Re; I'm at beginning of annual Insp and here is what I know so far. | Landreth-Ex 15 | | |
| (76) | Email correspondence between 6/26/17 Subj Airplane Update, Re; I do want to fix the cylinder. Why don't you do the annual and then go over all the issues | Landreth-Ex 16; FLYING/WOODLEY 000126-127 | | |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| (77) | Email correspondence between 6/28/17 with Images attached. Re; Doing complete inspection, compiling list of work needed | Landreth-Ex 17 | | |
| (78) | Email correspondence between /Woodley-Landreth 6/29/17 Subj: Airplane Update re; Repair the tire, brakes and pucks. | Landreth-Ex 18 | | |
| (79) | Email correspondence between 7/19/17 re; N919SC Update. List of suggested time change items to LW. Do you want them done? | Landreth-Ex 19 | | |
| (80) | Email correspondence between 7/19/17 re; N919SC Work Order. | Landreth-Ex 20 | | |
| (81) | Email correspondence between 7/20/17 re; N919SC Update of items found by Landreth. Woodley's thoughts on same. | Landreth-Ex 21 | | |
| (82) | Email correspondence between 7/19-20/17 re; N919SC Update of items found by Landreth.. | Landreth-Ex 22 | | |

Exhibit 1 — Plaintiff's Exhibit List — Page 20 of 25

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| (83) | D. Landreth Exhibit 23/Riverside Aviation WO 17-2112-04 showing partial payment $5K check 1490 on 8/6/17 and log entries | Landreth-Ex 23 | | |
| (84) | Email correspondence between 7/24/17 re; N919SC Invoice, Work Order, Maintenance Logbook Entry. | Landreth-Ex 24 | | |
| (85) | Email correspondence between 8/5/17 re; N919SC Invoice, Work Order, Maintenance Logbook Entry. | Landreth-Ex 25 | | |
| (86) | Email correspondence between 8/5/17 re; Here are invoice, workorder etc attached. "DL" I'm out of pocket $5K "LW" Where is my A/C. | Landreth-Ex 26 | | |
| (87) | Email correspondence between 8/28/17 re; Woodley saying I'll finish your tax return and give you a lot of free advice. Landreth giving Woodley quote for maintenance at different facility to see if price is fair | Landreth-Ex 27 | Irrelevant; probative weight outweighed by unfair prejudice | 402, 403 |
| (88) | Email correspondence between 9/30/17, | Landreth-Ex 28 | Irrelevant; probative weight | 402, 403 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| | Landreth-Woodley re; Logbooks missing | | outweighed by unfair prejudice | |
| (89) | Email correspondence between Landreth and Original Pltf Counsel 8/13/20. | Landreth-Ex 29; Plaintiff 000574-576 | Irrelevant; probative weight outweighed by unfair prejudice | 402, 403 |
| (90) | D. Landreth Exhibit 30/ Affidavit D. Landreth 7/24/23 | Landreth-Ex 30 | Irrelevant; probative weight outweighed by unfair prejudice | 402, 403 |
| (91) | Email correspondence between 6/9/17 re; Woodley complain on work order & invoice cost…Landreth justifying the costs. | Landreth-Ex 31 | | |
| (92) | Email correspondence between 7/19-20/17 N919SC Inspection discrepancy updates | Landreth-Ex 32 | | |
| (93) | 6/15/2023 FAA "Condition Notice on A/C N919SC, S/N2112 – Major repair via Form 377 not supported. | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; not properly identified; supplants Court's | 402, 403, 901, 602, 801, 801 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| | | | instructions on the law of the case | |
| (94) | 6/20/2023 FAA Grounding Letter and TAG to L2A; review of airworthiness and registry. | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; not properly identified; supplants Court's instructions on the law of the case | 402, 403, 901, 602, 801, 801 |
| (95) | 8/14/2023 FAA – discrepancies found by FAA inspection. | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; not properly identified; supplants Court's instructions on the law of the case | 402, 403, 901, 602, 801, 801 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
| (96) | 10/24/2023 FAA – investigation after inspection. Evidence of improper mods. | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; not properly identified; supplants Court's instructions on the law of the case | 402, 403, 901, 602, 801, 801 |
| (97) | 12/18/2023 WWC letter in response to FAA w/ Aircraft Registration and Certificate of Airworthiness | | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; not properly identified | 402, 403, 901, 602, 801, 801 |
| (98) | 2/20/23 Email correspondence T. McPherson to D. McMahon, cc: David Thompson | Plaintiff_Supp 000125 | Irrelevant; probative weight outweighed by unfair prejudice; authentication; lack of personal | 402, 403, 901, 602, 801, 801 |

| Exhibit | Description | Bates/Depo. Exh. | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|------------------|-----------|--------------------------------------|
|         |             |                  | knowledge; hearsay; expert testimony from witness not designated as an expert by Plaintiff; not produced in discovery; not properly identified; supplants Court's instructions on the law of the case |   |

All of these exhibits are expected to be used.

Plaintiff further reserves the right to introduce exhibits for impeachment and/or rebuttal purposes and to identify or authenticate records and evidence as needed.

Respectfully submitted,

/s/ Lewis N. Carter
Lewis N. Carter, OBA No. 1524
DOERNER SAUNDERS DANIEL & ANDERSON
2 W. Second Street, Suite 700
Tulsa, OK 74103-3117
Telephone No. (918) 591-5253
Facsimile No. (918) 925-5253
lcarter@dsda.com

_/s/ William W. Camp_
William W. Camp
(*Admitted pro hac vice*)
Texas Bar No. 00789196
Rule21a-service@camplaw.com
CAMP TRIAL GROUP
12700 Hillcrest Road, Suite 125
Dallas TX 75230
Tel: (214) 638-8400

_/s/ James A. McCorquodale_
James A. McCorquodale
(*Admitted pro hac vice*)
Texas Bar No. 13464900
Law Office of Sandy McCorquodale, P.C.
12700 Hillcrest Road, Suite 125
Dallas TX 75230
Tel. 214-712-4472
Fax 815-572-9448
Email: sandy@SMQLAW.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record via e-service, on this March 1, 2024.

_/s/ William Camp_

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAND 2 AIR INVESTMENTS, LLC,<br>As successor entity by conversion to<br>LAND 2 AIR INVESTMENTSLP and as<br>Successor to LAND 2 AIR INVESTMENTS<br>LLP,<br><br>            Plaintiff,<br><br>vs.<br><br>FLYING CPA, LLC,<br>LONI WOODLEY, and<br>SAKER AVIATION SERVICES CO.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: CIV-21-231-BMJ-JFJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS FLYING CPA, LLC AND LONI WOODLEY'S TRIAL EXHIBIT LIST

COME NOW the Defendants, Flying CPA, LLC and Loni Woodley (collectively referred

to herein as "Defendants") by and through its attorneys of record, and pursuant to the Court's

Order [Doc. 142] hereby submit the following list of trial exhibits:

| Exhibit | Description | Bates | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| (1) | Correspondence from Richard Cano to Loni Woodley | FLYING/WOODLEY 00001-00003 | | |
| (2) | Correspondence from Loni Woodley to David Landreth | FLYING/WOODLEY 00004 | | |
| (3) | Airframe Logbook entries | FLYING/WOODLEY 00005—00006 | | |
| (4) | Logbooks Received from Richard Cano | FLYING/WOODLEY 00007—00023 | | |

EXHIBIT 2

| Exhibit | Description | Bates | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|-------|-----------|--------------------------------------|
| (5) | Aircraft Purchase Offer | FLYING/WOODLEY 00029 | | |
| (6) | Aircraft Purchase Agreement | FLYING/WOODLEY 00030—00032 | | |
| (7) | Riverside Aviation Work Order | FLYING/WOODLEY 00033 | | |
| (8) | Aircraft Work Order 17-2112-04 | FLYING/WOODLEY 00034—00039 | | |
| (9) | Airframe Log Book Entry, Engine Log Book Entry, Propeller Log Book Entry | FLYING/WOODLEY 00040—00050 | | |
| (10) | Aircraft Work Order 17-2112-05 | FLYING/WOODLEY 00051 | | |
| (11) | Riverside Aviation Work Order | FLYING/WOODLEY 00052 | | |
| (12) | Airframe Log Book Entry | FLYING/WOODLEY 00053 | | |
| (13) | Correspondence to Stephanie Cooper and Derick Murway | FLYING/WOODLEY 00054—00057 | | |
| (14) | Sensenich Propeller Log | FLYING/WOODLEY 00058—00062 | | |
| (15) | Aircraft Purchase/Sales Agreement | FLYING/WOODLEY 00063—00068 | | |

EXHIBIT 2                                      Page 2 of 13

EXHIBIT 2

| Exhibit | Description | Bates | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|-------|-----------|--------------------------------------|
| (16) | Correspondence between Loni Woodley and Derick Murway | FLYING/WOODLEY 00069 | | |
| (17) | 919SC Airworthiness Documents | | | |
| (18) | Platinum Engine Logbook | | | |
| (19) | Security Agreement | | | |
| (20) | Email Correspondence between Woodley and Cano | | | |
| (21) | Email Correspondence between Woodley and Cano | | | |
| (22) | Email Correspondence between Woodley and Landreth | | | |
| (23) | 03.06.2017 Correspondence between Woodley and Landreth | | | |
| (24) | 03.08.2017 Correspondence between Woodley and Landreth | | | |

EXHIBIT 2                                                                    Page 3 of 13

EXHIBIT 2

| Exhibit | Description | Bates | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|---|
| (25) | 06.28.2017 Correspondence between Woodley and Landreth | | | |
| (26) | 07.27.2017 Correspondence between Woodley and Landreth | | | |
| (27) | 07.20.2017 Correspondence between Woodley and Landreth | | | |
| (28) | 03.31.2019 Correspondence between Woodley and Murway | | | |
| (29) | 03.31.2019 Correspondence between Woodley and Murway | | | |
| (30) | 03.31.2019 Correspondence between Woodley and Murway | | | |
| (31) | 04.03.2019 Correspondence between Woodley and Murway | | | |
| (32) | 04.04.2019 Correspondence between Woodley and Murway | | | |

EXHIBIT 2                                                                 Page 4 of 13

EXHIBIT 2

| Exhibit | Description | Bates | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|-------|-----------|--------------------------------------|
| (33) | 04.06.2019 Correspondence between Woodley and Murway | | | |
| (34) | 04.12.2019 Correspondence between Woodley and Murway | | | |
| (35) | 04.13.2019 Correspondence between Woodley and Murway | | | |
| (36) | 04.13.2019 Correspondence between Woodley and Murway | | | |
| (37) | 04.24.2019 Correspondence between Woodley and Murway | | | |
| (38) | 04.24.2019 Correspondence between Woodley and Murway | | | |
| (39) | 04.25.2019 Correspondence between Woodley and Murway | | | |
| (40) | 04.27.2019 Correspondence between Woodley and Murway | | | |

EXHIBIT 2                                                                 Page 5 of 13

EXHIBIT 2

| Exhibit | Description | Bates | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|-------|-----------|--------------------------------------|
| (41) | 04.27.2019 Correspondence between Woodley and Murway | | | |
| (42) | 04.27.2019 Correspondence between Woodley and Murway | | | |
| (43) | 05.03.2019 Correspondence between Woodley and Murway | | | |
| (44) | 05.15.2019 Correspondence between Woodley and Murway | | | |
| (45) | 05.30.2019 Correspondence between Woodley and Murway | | | |
| (46) | 05.30.2019 Correspondence between Woodley and Murway | | | |
| (47) | 06.01.2019 Correspondence between Woodley and Murway | | | |
| (48) | 06.04.2019 Correspondence between Woodley, Murway, and Crotts | | | |

EXHIBIT 2                                                                                   Page 6 of 13

EXHIBIT 2

| Exhibit | Description | Bates | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|-------|-----------|--------------------------------------|
| (49) | 06.04.2019 Correspondence between Woodley and Murway | | | |
| (50) | 06.26.2019 Correspondence between Woodley, Cooper, and Murway | | | |
| (51) | Cirrus Destroyed and Non-Repairable Cirrus Aircraft (Original) | | | |
| (52) | Cirrus SIL 12-05R21 | | | |
| (53) | Email correspondence between Plaintiff and Cirrus | | | |
| (54) | U.S.F.A.A. Order 8100.19 | | | |
| (55) | U.S.F.A.A. Airworthiness File SR22-2112 | | | |
| (56) | U.S.F.A.A. Registration File SR22-2112 | | | |

EXHIBIT 2                                                                Page 7 of 13

EXHIBIT 2

| Exhibit | Description | Bates | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|-------|-----------|--------------------------------------|
| (57) | NTSB Aviation Accident Data Summary | PLAINTIFF 000004—000005 | Inadmissible by statute. 49 USC § 1154(b) ("No part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report."). | 49 USC § 1154(b) |
| (58) | Platinum Engine Log Book | PLAINTIFF 000027—000045 | | |
| (59) | Aircraft Log Book | PLAINTIFF 000046—000097 | | |
| (60) | Customer Invoice with Plaintiff Annotations | PLAINTIFF 000231—000242 | | |
| (61) | Aircraft Sale Ad | PLAINTIFF 000341 | | |
| (62) | 06.06.19 Correspondence between Woodley, Murway, and Cooper | PLAINTIFF 000640—000641 | | |
| (63) | 06.27.19 Correspondence between Murway and Cooper | PLAINTIFF 000655 | | |

EXHIBIT 2                                                     Page 8 of 13

EXHIBIT 2

| Exhibit | Description | Bates | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|-------|-----------|--------------------------------------|
| (64) | Landreth Airplane Maintenance Manual | PLAINTIFF 000668—000693 | | |
| (65) | Text Messages between Derick Murway and Loni Woodley | PLAINTIFF 000702—000723 | | |
| (66) | Notice of Aircraft Title Insurance Claim | PLAINTIFF 002226—002371 | | |
| (67) | FAA Registry Inquiry | | | |
| (68) | Order Granting Motion to Sell Bank Stock U.S. Bankr. E.D. Ark. 4:16-BK-13943 (Doc: 113) | | | |
| (69) | Photographs of Aircraft | | | |
| (70) | All exhibits introduced by any other party and not objected to by these Defendants | | | |
| (71) | 05.22.16 Correspondence between Landreth and Woodley | | | |
| (72) | 12.28.16 Correspondence between Landreth and Woodley | | | |

EXHIBIT 2                                                                Page 9 of 13

EXHIBIT 2

| Exhibit | Description | Bates | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|-------|-----------|--------------------------------------|
| (73) | 1.29.17 Correspondence between Landreth and Woodley | | | |
| (74) | 2.27.17 Correspondence between Landreth and Woodley | | | |
| (75) | 03.13.17 Correspondence between Landreth and Woodley | | | |
| (76) | Riverside Aviation Invoice in the amount of $1,051.81 | | | |
| (77) | 06.08.17 Correspondence between Landreth and Woodley and attachments included therewith labelled (Woodley N919SC 50 Hour 8 June 17 Work Order.xls; and Woodley Invoice 17-2112-03.xlsx) | | | |
| (78) | Riverside Aviation 04.19.17 work order 17-2112-02 | | | |
| (79) | 06.09.17 Correspondence between Landreth and Woodley and attached invoice | | | |

EXHIBIT 2                                                                 Page 10 of 13

EXHIBIT 2

| Exhibit | Description | Bates | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|-------|-----------|--------------------------------------|
| (80) | 06.19.17 Correspondence between Landreth and Woodley | | | |
| (81) | 06.20.17 Correspondence between Landreth and Woodley | | | |
| (82) | 06.24.17 Correspondence between Landreth and Woodley | | | |
| (83) | 06.29.17 Correspondence between Landreth and Woodley | | | |
| (84) | Riverside Aviation 07.24.17 Work Order 17-2112-04 | | | |
| (85) | 07.29.17 Correspondence between Landreth and Woodley | | | |
| (86) | 08.05.17 Correspondence between Landreth and Woodley | | | |
| (87) | 08.28.17 Correspondence between Landreth and Woodley | | | |

EXHIBIT 2                                                                 Page 11 of 13

EXHIBIT 2

| Exhibit | Description | Bates | Objection | Federal Rule of Evidence Relied Upon |
|---------|-------------|-------|-----------|--------------------------------------|
| (88) | 09.30.17 Correspondence between Landreth and Woodley | | | |
| (89) | 08.18.20 Correspondence between Landreth and Schovanec | PLAINTIFF 0574-576 | | |

      Defendants reserve the right to supplement its exhibit list as discovery continues.  Defendants further reserve the right to introduce exhibits for impeachment and/or rebuttal purposes and to identify or authenticate records and evidence as needed.

Respectfully submitted,
*/s/ Troy J. McPherson*
Marcus N. Ratcliff, OBA No. 19201
mratcliff@law-lsl.com
Troy J. McPherson, OBA No. 32071
tmcpherson@law-lsl.com
LATHAM, STEELE, LEHMAN, KEELE,
  RATCLIFF, FREIJE & CARTER, P.C.
1515 E. 71st Street, Suite 200
Tulsa, Oklahoma 74136
Telephone:  918-970-2000
Facsimile:  918-970-2002
*Attorneys for Plaintiffs*

EXHIBIT 2                                                                      Page 12 of 13

EXHIBIT 2

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on _____, a true and correct copy of the above and foregoing instrument was served on the below counsel of record via ECF filing.

Bill W. Camp
Camp Trial Group
8445 Freeport Parkway, Suite 150
Irving, TX 75063

Lewis N. Carter
Doerner Saunders Daniel & Anderson LLP
Two West Second Street, Suite 700
Tulsa, OK 74103
***Attorneys for Plaintiff***
***Land 2 Air Investments LLC***
*Attorneys for Plaintiff*

David A. Thompson
Thompson Law LLC
P.O. Box 42
Creede, CO 8130
David@PilotAttorney.net
*Attorney for Defendant,*
*Saker Aviation Services, Inc.*

                            */s/ Troy J. McPherson*
                            Troy J. McPherson

EXHIBIT 2                                                                                    Page 13 of 13

# Exhibit 3 — Plaintiff's Witness List

| Status | Name/Position/Employer | Subject Matter of Testimony |
|---|---|---|
| Expected | Derick Murway<br>Plaintiff Land 2 Air Investments LLC<br>/o Plaintiff's counsel of record | Will testify to the facts of the case, condition of the aircraft, statements of others. |
| If the need arises | Farrukh Azim<br>Plaintiff Land 2 Air Investments LLC<br>c/o Plaintiff's counsel of record | Will testify to the facts of the case, condition of the aircraft, statements of others. |
| Expected | David Panter<br>Plaintiff Land 2 Air Investments LLC<br>c/o Plaintiff's counsel of record | Will testify to the facts of the case, condition of the aircraft, statements of others. |
| Expected | Stephanie Cooper<br>Plaintiff Land 2 Air Investments LLC<br>c/o Plaintiff's counsel of record | Will testify to the facts of the case, condition of the aircraft, statements of others. |
| Expected via deposition | Errol Applewhaite<br>Factory Service Ctr. Manager<br>Dir. of Maintenance<br>Cirrus Factory Service Center<br>McKinney, TX<br>Cirrus Aircraft \| 469.631.1126 | Testimony concerning the servicing, inspecting of the subject aircraft and the process and findings of Cirrus Service center with respect to the subject aircraft.<br>Additionally, will testify to the facts of the designation of the aircraft as destroyed, the FAA regulations applied to the aircraft, and airworthiness of the aircraft.<br>Authenticate Records of Cirrus Service Center. |
| Expected via deposition | Brad Miller / FRCP 30b(6)<br>Cirrus Aircraft Corporation<br>Corporate representative | Will testify to the facts of the designation of the aircraft as destroyed, the FAA regulations applied to the aircraft, and airworthiness of the aircraft.<br>Authenticate Records of Cirrus. |

| Status | Name/Position/Employer | Subject Matter of Testimony |
|---|---|---|
| Expected | David E. Farmer<br>Copter MD & RSG Rotorcraft<br>c/o Plaintiff's counsel of record | Expert witness will testify to the issues as set forth in his report and expert designation, including but not limited to that the aircraft was designated as "destroyed" pursuant to the FAA Rules at or before the time of the sale of the aircraft and the aircraft's multiple issues and defects at the time of sale, which made it unairworthy and unsafe. |
| Expected | David Landreth, Riverside Aviation 9027 S. Airport Way Jones/Riverside Airport (KRVS) Tulsa, Oklahoma 74132 Telephone 580-399-2364 | Knowledge or information regarding the maintenance and repair history of the subject aircraft, the condition of the aircraft at various points in time, the inspection(s) of the aircraft performed by Riverside Aviation, communications with Loni Woodley/Flying CPA informing Woodley/Flying CPA of the actual condition of the aircraft including the aircraft was made from two crashed aircraft, major repairs to the aifcraft that were not documented and therefore not meeting the FAR's, counterfeit parts, and ultimately an unsafe unairworthy aircraft. |
| Expected, but may appear by deposition | Edward G. Adams<br>Saker Aircraft Services, Inc., a/k/a Saker Aviation Services Co.<br>2145 S. Airservice Rd.<br>Garden City, KS 67846<br>620-275-5535 | A&P mechanic present at the inspection of aircraft by Plaintiff in Garden City and performed inspections on the aircraft. |

Exhibit 1 — Plaintiff's Witness List                                    Page 2 of 6

| Status | Name/Position/Employer | Subject Matter of Testimony |
|---|---|---|
| Expected | Representative(s)/Employee(s) of Flying CPA, LLC, previously identified as Loni Woodley, but unknown at time of trial. c/o Flying CPA's counsel | Knowledge or information regarding Woodley's/Flying CPA's advertisement of the subject aircraft, the circumstances surrounding the sale of the aircraft to Land 2 Air, information related to the repair and service history of the aircraft, communications with Riverside Aviation, Saker Aviation and Land 2 Air regarding the aircraft. |
| Expected | Loni Woodley, Defendant c/o Loni Woodley's counsel | Knowledge or information regarding Woodley's/Flying CPA's advertisement of the subject aircraft, the circumstances surrounding the sale of the aircraft to Land 2 Air, information related to the repair and service history of the aircraft, communications with Riverside Aviation, Saker Aviation and Land 2 Air regarding the aircraft. |
| Expected | Robyn Woodley c/o Loni Woodley's counsel | Witness will testify to the facts of the case, condition of the aircraft, statements of others. |
| Expected, but may appear by deposition. | Jon Crotts c/o Saker Aviation's counsel | Knowledge or information regarding the maintenance and repair history of the subject aircraft, the condition of the aircraft at various points in time, the service walkthrough/visit by Derick Murway with Saker Aviation representatives in approximately June 2019 in Garden City, Kansas, communications with Loni Woodley/Flying CPA and Land 2 Air regarding the aircraft. |

Exhibit 1 — Plaintiff's Witness List                                Page 3 of 6

| Status | Name/Position/Employer | Subject Matter of Testimony |
|---|---|---|
| Expected | Derick Murway<br>Plaintiff Land 2 Air Investments LLC<br> /o Plaintiff's counsel of record | Will testify to the facts of the case, condition of the aircraft, statements of others. |
| If the need arises | Farrukh Azim<br>Plaintiff Land 2 Air Investments LLC<br>c/o Plaintiff's counsel of record | Will testify to the facts of the case, condition of the aircraft, statements of others. |
| Expected | David Panter<br>Plaintiff Land 2 Air Investments LLC<br>c/o Plaintiff's counsel of record | Will testify to the facts of the case, condition of the aircraft, statements of others. |
| Expected | Stephanie Cooper<br>Plaintiff Land 2 Air Investments LLC<br>c/o Plaintiff's counsel of record | Will testify to the facts of the case, condition of the aircraft, statements of others. |
| Expected via deposition | Errol Applewhaite<br>Factory Service Ctr. Manager<br>Dir. of Maintenance<br>Cirrus Factory Service Center<br>McKinney, TX<br>Cirrus Aircraft \| 469.631.1126 | Testimony concerning the servicing, inspecting of the subject aircraft and the process and findings of Cirrus Service center with respect to the subject aircraft.<br>Additionally, will testify to the facts of the designation of the aircraft as destroyed, the FAA regulations applied to the aircraft, and airworthiness of the aircraft. Authenticate Records of Cirrus Service Center. |
| Expected via deposition | Brad Miller / FRCP 30b(6)<br>Cirrus Aircraft Corporation<br>Corporate representative | Will testify to the facts of the designation of the aircraft as destroyed, the FAA regulations applied to the aircraft, and airworthiness of the aircraft. Authenticate Records of Cirrus. |

Exhibit 1 — Plaintiff's Witness List                                          Page 4 of 6

| Status | Name/Position/Employer | Subject Matter of Testimony |
|---|---|---|
| Expected | David E. Farmer<br>Copter MD & RSG Rotorcraft<br>c/o Plaintiff's counsel of record | Expert witness will testify to the issues as set forth in his report and expert designation, including but not limited to that the aircraft was designated as "destroyed" pursuant to the FAA Rules at or before the time of the sale of the aircraft and the aircraft's multiple issues and defects at the time of sale, which made it unairworthy and unsafe. |
| Expected | David Landreth, Riverside Aviation 9027 S. Airport Way Jones/Riverside Airport (KRVS) Tulsa, Oklahoma 74132 Telephone 580-399-2364 | Knowledge or information regarding the maintenance and repair history of the subject aircraft, the condition of the aircraft at various points in time, the inspection(s) of the aircraft performed by Riverside Aviation, communications with Loni Woodley/Flying CPA informing Woodley/Flying CPA of the actual condition of the aircraft including the aircraft was made from two crashed aircraft, major repairs to the aifcraft that were not documented and therefore not meeting the FAR's, counterfeit parts, and ultimately an unsafe unairworthy aircraft. |
| Expected, but may appear by deposition | Edward G. Adams<br>Saker Aircraft Services, Inc., a/k/a Saker Aviation Services Co.<br>2145 S. Airservice Rd.<br>Garden City, KS 67846<br>620-275-5535 | A&P mechanic present at the inspection of aircraft by Plaintiff in Garden City and performed inspections on the aircraft. |

Exhibit 1 — Plaintiff's Witness List                              Page 5 of 6

| Status | Name/Position/Employer | Subject Matter of Testimony |
|---|---|---|
| Expected | Representative(s)/Employee(s) of Flying CPA, LLC, previously identified as Loni Woodley, but unknown at time of trial. c/o Flying CPA's counsel | Knowledge or information regarding Woodley's/Flying CPA's advertisement of the subject aircraft, the circumstances surrounding the sale of the aircraft to Land 2 Air, information related to the repair and service history of the aircraft, communications with Riverside Aviation, Saker Aviation and Land 2 Air regarding the aircraft. |
| Expected | Loni Woodley, Defendant c/o Loni Woodley's counsel | Knowledge or information regarding Woodley's/Flying CPA's advertisement of the subject aircraft, the circumstances surrounding the sale of the aircraft to Land 2 Air, information related to the repair and service history of the aircraft, communications with Riverside Aviation, Saker Aviation and Land 2 Air regarding the aircraft. |
| Expected | Robyn Woodley c/o Loni Woodley's counsel | Witness will testify to the facts of the case, condition of the aircraft, statements of others. |
| Expected, but may appear by deposition. | Jon Crotts c/o Saker Aviation's counsel | Knowledge or information regarding the maintenance and repair history of the subject aircraft, the condition of the aircraft at various points in time, the service walkthrough/visit by Derick Murway with Saker Aviation representatives in approximately June 2019 in Garden City, Kansas, communications with Loni Woodley/Flying CPA and Land 2 Air regarding the aircraft. |

Exhibit 1 — Plaintiff's Witness List                    Page 6 of 6

EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAND 2 AIR INVESTMENTS, LLC,<br>As successor entity by conversion to<br>LAND 2 AIR INVESTMENTSLP and as<br>Successor to LAND 2 AIR INVESTMENTS<br>LLP,<br><br>        Plaintiff,<br><br>vs.<br><br>FLYING CPA, LLC,<br>LONI WOODLEY, and<br>SAKER AVIATION SERVICES CO.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.:  21-CV-00231 BJM-JFJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' FLYING CPA, LLC AND LONI WOODLEY'S
### TRIAL WITNESS LIST

Defendants Flying CPA, LLC and Loni Woodley, hereby submits their trial witness list

pursuant to the Court's pretrial conference order:

| No. | Name | Testimony |
|---|---|---|
| 1. | Loni Woodley, representative of Flying CPA, LLC<br><br>Expected | Mr. Woodley will testify about the negotiations, purchase, and sale of the subject aircraft. |
| 2. | David Landreth,<br><br>Expected. | Mr. Landreth will testify about Defendants' purchase of the subject aircraft, maintenance performed on the aircraft during Defendants' ownership of the aircraft, and the airworthiness of the aircraft. |
| 3. | Representative(s) of Saker Aviation Services Co., including but not limited to Jon Crotts<br><br>Expected to testify by deposition. | Will testify about the facts and circumstances alleged by Plaintiff in the Complaint, maintenance and other work performed on the aircraft, and his interactions with the parties. |
| 4. | Edward G. Adams | Will testify about annual inspection(s) he performed on the aircraft. |

EXHIBIT 4

|    | | |
|----|---------------------------------------------------------------------------------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    | Saker Aircraft Services, Inc. a/k/a Saker Aviation Services Co.,<br><br>Expected to testify by deposition. | |
| 5. | Corporate Representative of Plaintiff Land 2 Air Investments, LLC<br><br>Expected. | Will testify about  facts and circumstances alleged in the Complaint, contract with Defendants for the sale of the aircraft, communications with all defendants, and the condition of the aircraft. |
| 6. | Derick Murway<br><br>Expected. | Will testify about facts and circumstances alleged in the Complaint, his communications with Defendants, and the condition of the aircraft. |
| 7. | Stephanie Cooper<br><br>If the need arises. | Will testify facts and circumstances alleged in the Complaint, communications with Defendants and Derick Murway, and the condition of the aircraft. |
| 8. | David E. Farmer, Copter MD & RSG Rotocraft<br><br>Expected to testify by deposition. | Will testify to the issues as set forth in Plaintiff's expert report and expert designation. |
| 9. | Farrukh Azim,  Plaintiff Land 2 Air Investments LLC<br><br>If the need arises. | Will testify to the facts of the case as alleged in the Complaint, condition of the aircraft, statement of others. |
| 10. | David Panter, Plaintiff Land 2 Air Investments LLC<br><br>Expected. | Will testify to the facts of the case as alleged in the Complaint, condition of the aircraft, statement of others. |
| 11. | Cirrus Aircraft Corporation Corporate Representative<br><br>Expected to testify by deposition. | Will testify to the facts of the designation of the aircraft as destroyed, the FAA regulations applied to the aircraft, and airworthiness of the aircraft.  Authenticate Records of Cirrus. |
| 12. | Jim Aukus<br><br>If the need arises.  May testify by deposition. | Will testify to the issues as set forth in Defendants' expert report and expert designation. |
| 13. | Douglas E. Stimpson<br><br>If the need arises.  May testify by deposition. | Will testify to the issues as set forth in Defendants' expert report and expert designation. |

EXHIBIT 4

| 14. | Robyn Woodley<br><br>Expected. | Will testify about personal knowledge of communications between parties concerning sale of aircraft and participation in sale of aircraft. |
|---|---|---|

       Defendants reserve the right to call witnesses for rebuttal purposes or to authenticate documents as necessary.

Respectfully submitted,

**LATHAM, STEELE, LEHMAN, KEELE,**
     **RATCLIFF, FREIJE & CARTER, P.C.**

/s/ Troy J. McPherson
Marcus N. Ratcliff, OBA No. 19201
mratcliff@law-lsl.com
Troy J. McPherson, OBA No. 32071
tmcpherson@law-lsl.com
Carter A. Fox, OBA No. 34655
cfox@law-lsl.com
1515 E. 71st Street, Suite 200
Tulsa, Oklahoma 74136
Telephone:  918-970-2000
Facsimile:  918-970-2002
*Attorneys for Plaintiffs*

EXHIBIT 4

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on March 1, 2023 a true and correct copy of the above and foregoing instrument was served on the below counsel of record via ECF filing.

   Danise A. McMahon
   Camp Trial Group
   8445 Freeport Parkway, Suite 150
   Irving, TX 75063
   Lewis N. Carter
   Doerner Saunders Daniel & Anderson LLP
   Two West Second Street, Suite 700
   Tulsa, OK 74103
   ***Attorneys for Plaintiff***
   ***Land 2 Air Investments LLC***
   *Attorneys for Plaintiff*

   David A. Thompson
   Thompson Law LLC
   P.O. Box 42
   Creede, CO 8130
   David@PilotAttorney.net
   *Attorney for Defendant,*
   *Saker Aviation Services, Inc.*

                */s/ Troy J. McPherson*