# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAND 2 AIR INVESTMENTS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-CV-0231-CVE-JFJ |
| | ) |
| FLYING CPA, LLC, and | ) |
| LONI WOODLEY, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are Plaintiff's First Motion in Limine (Dkt. # 151) and Defendant Flying CPA, LLC, and Loni Woodley's Motion in Limines and Brief in Support (Dkt. # 180). Plaintiff Land 2 Air Investments LLC has filed a motion in limine (Dkt. # 151) asking the Court exclude or limit the use of all evidence or practices generally described in "Exhibit A" to the motion in limine, and defendants have not responded to the motion.[1] Defendants Flying CPA, LLC (FCPA) and Loni Woodley have filed a motion in limine seeking to exclude 28 categories of evidence. Plaintiff has filed a response (Dkt. # 184) and defendants have filed a reply (Dkt. # 206), and defendants' motion in limine is ripe for adjudication.

This case was filed on May 27, 2021 and it was originally assigned to the Honorable John E. Dowdell. The case was subsequently reassigned to the Honorable Bernard M. Jones. Dkt. # 27.

---

[1] The Court has reviewed plaintiff's motion in limine, and the matters identified in "Exhibit A" are merely general practices that will likely not arise at trial. The Court cannot find any objections to specific evidence that defendant may offer at trial. Plaintiff may make any appropriate objections should defense counsel engage in any of the disfavored practices listed in Exhibit A, but plaintiff's motion (Dkt. # 151) is denied without prejudice to plaintiff raising appropriate objections to evidentiary matters at trial.

In a summary judgment ruling, Judge Jones provided the following description of the parties' dispute:

> This case arises out of Plaintiff's purchase of a Cirrus aircraft (Aircraft) from FCPA. Woodley is the managing member of FCPA. On May 24, 2019, Plaintiff and FCPA entered into an aircraft purchase agreement (Agreement) for the Aircraft. In approximately April/May 2020, Plaintiff discovered the Aircraft had been added to an official listing of airplanes that were so substantially damaged or destroyed during an incident that Cirrus considered them to be un-airworthy and non-repairable, had permanently de-listed the Aircraft's serial number, and had removed it from service. On May 27, 2021, Plaintiff filed this case, alleging, in part, claims against FCPA and Woodley for fraud, breach of contract, negligence, and violation of Oklahoma's Consumer Protection Act (OCPA), Okla Stat. tit. 15, § 751, et seq.

Dkt. # 143, at 1-2 (footnotes omitted). Defendants moved for summary judgment on all claims. Judge Jones granted summary judgment as to plaintiff's negligence and fraud claims, and he found that plaintiff was contractually barred from seeking incidental or consequential damages on its breach of contract claim. Dkt. # 143. Plaintiff's OCPA and breach of contract claims remain pending for trial. On March 7, 2025, Judge Jones recused from the case and it was reassigned to the undersigned. Dkt. # 189.

Defendants have filed a motion in limine to prevent plaintiff from using certain evidence at trial. "The purpose of a motion in limine is to aid the trial process by enabling the Court 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitively set for trial, without lengthy argument at, or interruption of, the trial.'" Mendelsohn v. Sprint/United Management Co., 587 F. Supp. 2d 1210, 1208 (D. Kan. 2008). However, a court is almost always better situated to make evidentiary rulings during trial, and a court may defer an in limine ruling unless the party seeking to exclude evidence shows that the evidence is inadmissible on all potential grounds. Wright v. BNSF Railway Co., 2016 WL 1611595, *1 (N.D. Okla. Apr. 22, 2016). This

case arises under the Court's diversity jurisdiction and the admissibility of evidence is generally governed by federal law. Blanke v. Alexander, 152 F.3d 1224, 1231 (10th Cir. 1998). State law concerning the admissibility of evidence will be considered only if the issue involves a "substantive" state rule of evidence, such as the collateral source rule or the parol evidence rule. Id. The parties are advised that all ruling on the motions in limine are preliminary, but the Court will refrain from offering an in limine ruling if the issue raised by the parties requires the Court to resolve disputed factual issues.

After reviewing the parties' briefing, the Court will provide some guidance that will broadly apply to many of the arguments offered by the parties. Certain arguments made by the parties are more properly classified as requests to enforce the Federal Rules of Evidence at trial, rather than as arguments relating to specific evidence that one party seeks to exclude at trial. The Court will enforce the rules of evidence at trial as they relate to specific evidence, but it is unnecessary for the Court to generically advise the parties of the rules of evidence. Plaintiff frequently relies on Oklahoma rules of evidence and rulings on evidentiary matters by Oklahoma courts in an attempt to show that certain evidence will be admissible at trial. In diversity cases, federal courts apply the substantive law of the forum state, but the federal rules of evidence apply to resolve evidentiary disputes. Employers Mut. Casualty Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1170 (10th Cir. 2010); Sims v. Great American Life Ins. Co., 469 F.3d 870, 884 (10th Cir. 2006). The Court will apply the substantive law of Oklahoma when reviewing the parties' arguments, but the admissibility of evidence will be determined by applying federal evidentiary rules. The Court notes that categories one through 5 and 7-10 listed in defendants' motion are unopposed, and the motion in limine is

granted as to those arguments.[2] Defendants have withdrawn their request (category 6) to exclude all hearsay statements at trial. Dkt. # 206, at 2.

**Expert Testimony by Lay Witnesses**

Defendants ask the Court to prevent lay witnesses from offering expert testimony at trial, and they note that certain lay witnesses have already been precluded from offering expert opinions in prior filings. Dkt. # 180, at 9. David Panter, plaintiff's manager and records custodian, had portions of his affidavit stricken for improperly attempting to state the opinions of plaintiff's expert, David Farmer. Dkt. # 104. Plaintiff responds that defendants' argument is vague and overly broad, and plaintiff contends that it should be permitted to supplement its expert disclosures to include additional experts opinions based on an inspection of the aircraft. Dkt. # 184, at 6. Plaintiff's argument is non-responsive to the argument actually asserted by defendants, and defendants were not attempting to exclude supplemental expert opinions. Instead, defendants are seeking to prevent plaintiff from introducing expert testimony through a lay witness, and this would clearly be prohibited under Fed. R. Evid. 701 and 702. <u>James River Ins. Co. v. Rapid Funding, LLC</u>, 658 F.3d 1207, 1214 ("Rule 701 'does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness'"). Defendants' request to prevent either party from using lay witness to offer expert opinions is granted.

---

[2] Plaintiff stated a general objection to category 3 (exclusion of witnesses or exhibits not listed in the pretrial order), but plaintiff made no attempt to explain this objection. Dkt. # 184, at 2. Therefore, the Court will treat this issue as unopposed. The Court notes that the parties proposed pretrial order is not due until August 1, 2025, and granting this request does not actually result in the exclusion of evidence unless either party omits witnesses or exhibits from the pretrial order.

**Testimony Regarding Actual Damages**

Defendants argue that plaintiff's witnesses should be prohibited from speculating about the value of the aircraft, because plaintiff has not identified an expert witness who will testify about the current condition and value of the aircraft. Dkt. # 180, at 11-12. Plaintiff responds it intends to argue that the purchase price of the aircraft is its value, because the aircraft was non-functional and should never have been sold to plaintiff. Dkt. # 184, at 8-9. Plaintiff contends that expert testimony is not necessary under this theory, and its witnesses will not be improperly offering expert testimony merely by stating the purchase price of the aircraft. Id. at 9-10. Defendants do not contest that evidence concerning the purchase price of the aircraft is admissible, but defendants dispute that this evidence will meet plaintiff's burden to prove damages at trial. Dkt. # 206, at 4. Defendants' argument merely shows that the parties have differing views as to means plaintiff should use to prove damages at trial, and this is not a true dispute over the admissibility of evidence. Plaintiff may choose to proceed under a theory that the value of the aircraft for the purpose of its remaining claims is the purchase price, and defendants may rebut this argument by offering its own evidence or cross-examining plaintiff's witness. However, defendant has not shown that plaintiff has failed to produce any evidence concerning damages. Plaintiff must accept the limits of its chosen theory concerning damages, and it may not attempt to offer expert testimony or witness speculation on the value of the aircraft. It appears that plaintiff understands the potential risks of its litigation strategy, and the Court finds no basis to wholly preclude plaintiff from offering evidence that the purchase price is the appropriate value of the aircraft.

**Expert Testimony Outside Scope of Rule 26 Reports**

Defendants seek to exclude any expert opinions or testimony that falls outside of the scope of the expert's report. Dkt. # 180, at 5-6. This request seems to be directed at the expert opinions of Farmer that are being offered following an inspection of the aircraft that took place after the close of discovery. See Dkt. # 92, at 3-4. Prior to reassignment of the case to the undersigned, Judge Jones ruled that plaintiff failed to disclose that Farmer would be conducting a physical inspection of the aircraft, and defendants would be unfairly prejudiced by plaintiff's attempts to offer untimely expert opinions outside the disclosed purpose of Farmer's expert testimony. Dkt. # 104, at 3. Plaintiff wholly fails to mention the prior ruling excluding in part Farmer's testimony, and plaintiff argues that Farmer's opinions based on his inspection would be appropriate supplementation of expert testimony under Oklahoma law. Dkt. # 184, at 11. The Court agrees with defendants that plaintiff's argument is an improper request for reconsideration of a prior ruling, and both parties will be prohibited from offering expert testimony outside the scope of timely Rule 26 expert reports and discovery.

**Cirrus "Attrited List"**

Defendants ask the Court to exclude evidence that the manufacturer of the aircraft, Cirrus, published a list identifying the subject aircraft as "destroyed." Dkt. # 180, at 14. Plaintiff responds that evidence of the manufacturer's belief that the aircraft was "destroyed" or "non-repairable" is highly relevant at trial, and the evidence tends to show that defendants fraudulently misrepresented the condition of the aircraft prior to the sale. Dkt. # 184, at 13. Defendant's request to exclude the Cirrus attrited list is denied. The evidence is relevant to plaintiff's claims, and defendants' disputes

over the meaning of the terms "destroyed" and "non-repairable" are the appropriate subject for witness cross-examination, rather than the exclusion of relevant evidence.

**Emails Concerning Payment Dispute**

Defendants seek to exclude emails between Woodley and David Landrum concerning potential repairs to the aircraft prior to the time it was sold to plaintiff. Dkt. # 180, at 14; Dkt. # 206, at 8. Plaintiff responds that the emails tend to show that defendants were not properly maintaining the aircraft prior to the sale, and the evidence is relevant to show defendants' knowledge of the poor mechanical condition of the aircraft when it was sold to plaintiff. The Court finds that defendants' request to exclude the emails is denied. Plaintiff has identified a permissible use for the evidence at trial and, in any event, the parties have not provided copies of the emails for the Court to review to make a final decision on the admissibility of the emails.

**Cirrus Work Order Dated May 1, 2020 and Aircraft Logbook Dated April 20, 2020**

Defendants contend that a work order and logbook entry from almost a year after the sale of the aircraft are not relevant to show the condition of the aircraft prior to the sale, and they ask the Court to exclude the evidence at trial. Dkt. # 180, at 15-16. Plaintiff responds that this evidence shows that defendants knew that the aircraft required substantial repairs in order to be airworthy prior to the sale, and the evidence tends to show that defendants made misrepresentations about the condition of the aircraft at the time of the sale. Dkt. # 184, at 15. The parties have not provided the evidence to the Court and the Court declines to speculate on the admissibility of the evidence. Plaintiff may be correct that the post-sale condition of the aircraft could tend to show that defendants knew about the poor condition of the aircraft prior to the sale, and it would be premature for the

Court to exclude the evidence without the ability to review the evidence. Defendants' request to exclude the May 1, 2020 work order and April 20, 2020 logbook entry are preliminarily denied.

**Cirrus Accident Database Report**

Defendants ask the Court to exclude a report prepared by Brandon Mayer, a representative of Cirrus, including the subject aircraft on a list of destroyed or non-repairable aircraft, because Mayer's decision to include the aircraft on the list was subjective and not based on his personal knowledge. Dkt. # 180, at 16. Plaintiff responds that the report is admissible under the business records exception to the hearsay rule, and the evidence is relevant to show that the aircraft was involved in a crash prior to the sale. Dkt. # 184, at 16. The Court declines to preliminarily rule on a hearsay objection without reviewing the underlying evidence and the context in which the evidence will be offered at trial. Defendants' argument is also based on its dispute over the meaning of the term "destroyed," but it appears that this may be a subject for cross-examination, rather than a basis to wholly exclude the evidence at trial.

**Plaintiff's Emails with Cirrus**

Defendants argue that emails between plaintiff and Cirrus should be excluded, because the emails discuss whether the aircraft was "destroyed" without using objective criteria. Defendants claim that they will be unfairly prejudiced if the jury can consider evidence discussing damage to the aircraft relying only on subjective criteria. Dkt. # 180, at 16. Defendants have not provided copies of the emails, and the Court declines to consider the admissibility of this evidence based only on the generic description provided by defendant. Defendant's request to exclude emails between plaintiff and Cirrus is preliminarily denied.

**Aircraft Payment Documentation**

Defendants argue that plaintiff is contractually prohibited from recovering incidental or consequential damages, and evidence of damages outside of the purchase price should be excluded at trial. Dkt. # 180, at 17. Plaintiff acknowledges that its negligence and fraud claims are no longer pending, but it claims that it can recover all available damages, including incidental and consequential damages, on its OCPA claim. Dkt. # 184, at 18. In his summary judgment ruling, Judge Jones determined that plaintiff could not recover incidental or consequential damages for breach of contract, but the ruling did not contain a limitation on the types of damages available under the OCPA. Dkt. # 143, at 6. Defendants do not cite any authority suggesting that plaintiff will be unable to recover incidental or consequential damages under the OCPA, and the Court cannot determine from defendant's generic description of the payment documentation whether some of this evidence could be admissible at trial. Defendants' motion to exclude payment documentation on the ground of relevance is denied.

**Photographs of the Aircraft**

Defendants object to the admissibility of photographs of the aircraft identified as exhibits by plaintiff, because plaintiff intends to offer this evidence without regard to when the photographs were taken. Dkt. # 180, at 17. Defendants also argue that certain photographs taken by Farmer during his inspection should be excluded on the ground that the inspection was outside the scope of his expert report and disclosed area of expertise. Id. at 20. As to the first issue, plaintiff generally argues that photographs of the aircraft are relevant to show that the aircraft was defective. Dkt. # 184, at 19. Plaintiff ignores defendants' argument that Farmer's photographs were not within the scope of his expert report, and plaintiff argues that these photographs are also relevant to show the

condition of the aircraft. Id. at 22. The Court finds that Farmer's photographs were taken as part of his improper inspection of the aircraft, and the photographs should be excluded for the same reasons as the opinions that were previously excluded. Plaintiff failed to timely disclose that Farmer would be inspecting the aircraft, and plaintiff may not rely on photographs that were taken by an expert outside of the scope of plaintiff's Rule 26 expert disclosures. As to the remaining photographs, the Court will consider the admissibility of the photographs at trial. The Court has not seen the photographs and it is likely that some of the photographs will be admissible, and the Court finds that it would be more appropriate to consider objections to specific photographs at trial.

**Summary Board of Damages and Plaintiff's Invoices**

Defendants asks the Court to exclude trial exhibits that plaintiff intends to offer in support of a request for incidental or consequential damages. The Court has already considered this issue in another context, and defendants do not make any new arguments as to these exhibits. Therefore, plaintiff is barred from offering evidence or arguing that it is entitled to incidental or consequential damages as a remedy for breach of contract, but plaintiff may be able to recover these damages under the OCPA.

**Compliance Report dated March 3, 2023**

Defendants argue that a compliance report dated March 3, 2023 should be excluded at trial, because the report allegedly has no relevance to the issue of whether the aircraft was "destroyed" at the time of delivery. Dkt. # 180, at 19. However, defendants have not provided the Court a copy of the report, and defendants rely on general arguments that the report would be irrelevant or unfairly prejudicial. The Court declines to speculate about the admissibility of evidence of which defendants

have provided only a general description, and defendants's objection to this evidence will be considered at trial.

**Post-Purchase Correspondence with Federal Aviation Administration (FAA)**

Defendants contend that documents from the FAA that were sent to plaintiff after delivery of the aircraft are irrelevant to show the condition of the aircraft at the time of delivery to plaintiff, and defendants argue that informal letters from the FAA should be excluded as hearsay. Defendants also argue that plaintiff may select certain correspondence from the FAA that would create a misleading impression, and defendants claim that plaintiff has failed to provide defendants copies of all of the correspondence from the FAA. The Court declines to rule on relevance or hearsay objections without being able to review the evidence, but the evidence may be subject to exclusion if plaintiff's counsel failed to disclose this evidence to defendants prior to the close of discovery. Defendants' request to wholly exclude evidence of plaintiff's communications with the FAA is preliminarily denied, but the evidence may be subject to exclusion if plaintiff's counsel had this evidence in his possession and failed to timely disclose the evidence to defendants prior to the close of discovery. Plaintiff's counsel is also advised that the failure to provide defendants with a complete set of the correspondence from the FAA may be grounds for exclusion of this evidence.

**Documents and Evidence Provided to Defendants After the Close of Discovery**

Defendants ask the Court to exclude all evidence produced by plaintiff after the completion of discovery, because defendants have been unfairly prejudiced by the untimely disclosure of discovery materials. Defendants also ask the Court to exclude all exhibits or witnesses who were not listed on plaintiff's witness and exhibit list. Plaintiff responds that it properly disclosed any additional evidence, such as FAA correspondence, that came into existence after the discovery

11

cutoff, and plaintiff claims without explanation that it was unable to timely update its exhibit list. Due to the length of time that has passed since the close of discovery in May 2023, the Court finds it unlikely that some delay in the production of discovery materials has caused defendants substantial prejudice, because delays in bringing the case to trial have provided defendants ample time to consider properly supplemented discovery responses. However, plaintiff should not be permitted to call witnesses who have not been disclosed to defendants or use evidence that plaintiff's counsel delayed in provided to defendants without adequate explanation.

**IT IS THEREFORE ORDERED** that Plaintiff's First Motion in Limine (Dkt. # 151) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Flying CPA, LLC, and Loni Woodley's Motion in Limines and Brief in Support (Dkt. # 180) is **granted in part** and **denied in part** as stated in this Opinion and Order.

**DATED** this 30th day of June, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE